PHILLIP A. TALBERT
Acting United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-0114-WBS |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JAMEL DUPRE STINSON, | DATE: June 15, 2021 |
| Defendant. | TIME: 10:00 a.m. |
| | COURT: Hon. William B. Shubb |

**BACKGROUND**

This case is set for an evidentiary hearing on June 15, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is

| | |
|---|---|
| 1 | detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked |
| 2 | speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a |
| 3 | population that is particularly susceptible to complications if infected with the virus; (5) the seriousness |
| 4 | of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; |
| 5 | (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; |
| 6 | and (7) whether the district court has the ability to safely conduct a trial. *Id*. |

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a motion hearing on June 14, 2021. ECF No. 22. Time has been excluded until this date. ECF No. 24.

2. On May 27, 2021, the Court held a status hearing in this case, and scheduled an evidentiary hearing for June 15, 2021. ECF No. 28.

3. By this stipulation, defendant now moves to continue this evidentiary hearing until July 20, 2021 at 10:00 a.m., and to exclude time between June 14, 2021, and July 20, 2021 at 10:00 a.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4], and 18 U.S.C. § 3161(h)(1)(D), [Local Code E].

4. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes a forensic cellular phone extraction, over 200 pages of investigative reports, related documents, photographs, audio recordings, criminal history documents, search warrants, and laboratory reports. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

  b) Counsel for defendant desires additional time to continue preparing for the forthcoming evidentiary hearing, consult with his client, review the current and forthcoming discovery, conduct investigation related to the charges, discuss potential resolutions with his client, and to otherwise prepare for trial.

  c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d) The government does not object to the continuance.

  e) In addition, because of the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

  f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 14, 2021 to July 20, 2021 at 10:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  h) In addition, an exclusion of time is also appropriate on the basis of the pending motion to suppress filed at ECF NO. 14, on the basis of 18 U.S.C. §3161(h)(1)(D) [Local Code E].

//

//

//

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 3, 2021
PHILLIP A. TALBERT
Acting United States Attorney

/s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney

Dated: June 3, 2021
/s/ DOUGLAS BEEVERS
DOUGLAS BEEVERS
Counsel for Defendant
JAMEL DUPRE STINSON
As authorized on June 3, 2021

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: June 7, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE